# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

SHERMAN RAY MEIROVITZ                                                    PETITIONER

v.                              NO. 2:13CV00085 JLH/HDY

ANTHONY HAYNES, Warden,                                                 RESPONDENT
F.C.I. Forrest City, Arkansas

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

In 1989, a Minnesota federal court jury convicted petitioner Sherman Ray Meirovitz ("Meirovitz") of conspiracy to distribute cocaine and possession of cocaine with intent to distribute. He was thereafter sentenced on the basis of the following:

> [He] was classified as a career offender under U.S.S.G. 4B1.1 based on two prior convictions–second degree manslaughter and possession with the intent to distribute cocaine (along with lysergic acid diethylamide (LSD) and methamphetamine). [Footnote omitted]. The career offender status moved [him] from category V to category VI within the sentencing guidelines, though it did not alter the guideline range of 360 months (30 years) to life. The district court accepted the career offender classification and sentenced Meirovitz to life in prison. The sentencing judge highlighted the manslaughter conviction as part of the reason he found Meirovitz to be a violent, career offender: 'The top of the guidelines is most appropriate for this defendant because of his substantial criminal record, a long-time, violent drug dealer, involved, among other things, in the shooting death of his mother-in-law.'

See Meirovitz v. United States, 688 F.3d 369, 372 (8th Cir. 2012) (Bright, J., concurring). His convictions and sentence were affirmed on appeal. See United States v. Meirovitz, 918 F.2d 1376 (8th Cir. 1990).

In 2010, the United States Supreme Court decided Johnson v. United States, 559 U.S. 133 (2010). In that case, the Supreme Court determined that "a violent felony under 18 U.S.C. 924(e)(1)(B)(I) requires the use of 'violent force', that is, 'force capable of causing physical pain or injury to another person.'" See United States v. Meirovitz, 2011 WL 1260928 at 1 (D. Minn. 2011) [quoting Johnson v. United States, 559 U.S. 140].

-3-

In 2010, Meirovitz filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. The claim in his motion was summarized as follows: "Johnson v. United States … states a new rule with retroactive effect that precludes his second degree manslaughter conviction in Minnesota from being considered a 'crime of violence' for career offender status under U.S.S.G. 4B1.1." See Meirovitz v. United States, 688 F.3d at 372 (Bright, J., concurring). The district court denied the petition, and he appealed.[1] The Court of Appeals affirmed the denial of his motion because he was sentenced below the statutory maximum, and his claim was thus not cognizable in a 28 U.S.C. 2255 motion. Specifically, the Court of Appeals found the following:

> In this case, Meirovitz's life sentence does not exceed the statutory maximum. Additionally, Meirovitz's attorney conceded during oral argument that the sentencing guidelines range of 360 months to life under which Meirovitz received his sentence is identical to the guidelines range that would have applied absent the career-offender enhancement. Thus, as in [Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011) (en banc)], Meirovitz's sentence does not exceed the statutory maximum, is within the pre-enhancement guideline range, and could be reimposed even if we were to adopt Meirovitz's position that he is not a "career offender."

See Meirovitz v. United States, 688 F.3d at 371. Circuit Judge Myron H. Bright concurred

---

[1]

The district court denied the petition because it was not timely, specifically finding the following:

The holding of Johnson … is not a new rule. Two years before, in Begay v. United States, the Court held that an offense is a violent felony only if it is involves "purposeful, violent and aggressive conduct." 128 S.Ct. 1581, 1585-86 (2008) (citation and internal quotation marks omitted). As a result, the decision in Johnson is merely an application of the principle recognized in Begay. Therefore, the present 2255 application was filed more than a year after the Court initially recognized the right asserted, and the application is barred. [Footnote omitted].

See United States v. Meirovitz, 2011 WL 1260928 at 1 (D.Minn. 2011).

in the decision but wrote separately to express his disagreement with the holding in <u>Sun Bear</u> and its resulting impact on Meirovitz. Specifically, Judge Bright opined the following:

> … In Meirovitz's original appeal, the panel noted his sentence was "harsher than other career offenders with significantly more violent backgrounds. … If, under <u>Johnson</u>, Meirovitz should not have been placed in the same category as other violent career offenders, he deserves the opportunity to be resentenced. "Speculation that the district court today might impose the same sentence is not enough to overcome the fact that, at the time of his initial sentencing, [Meirovitz] was sentenced based upon the equivalent of a nonexistent offense." … Wrongfully including a defendant as a career offender and sentencing him to life in prison based on that association is the type of "complete miscarriage of justice" deserving of 2255 relief.
>
> …
>
> … If I were working on a clean slate, I would provide Meirovitz a meaningful opportunity for judicial review by remanding the case to the district court to determine in the first instance whether the rule expressed in <u>Johnson</u> applies to Minnesota's manslaughter statute.

<u>See</u> <u>Meirovitz v. United States</u>, 688 F.3d at 373-374.

In 2013, Meirovitz commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. Although he appeared to raise two claims in his petition, the claims, when pared to their essence, are substantially the same, namely, a sentencing defect has given rise to a fundamental miscarriage of justice. He maintained that <u>Johnson v. United States</u> precludes his second degree manslaughter conviction in Minnesota from being considered a 'crime of violence' for career offender status under U.S.S.G. 4B1.1. In an accompanying brief, he acknowledged that he had previously raised

the claim in his motion pursuant to 28 U.S.C. 2255 but maintained that the "savings clause" of 28 U.S.C. 2255(e) permits now raising the claim in a petition pursuant to 28 U.S.C. 2241.[2]

Respondent Anthony Haynes ("Haynes") filed a response to Meirovitz's petition. In the response, Haynes maintained that the petition should be dismissed because Meirovitz has not shown that his remedy under 28 U.S.C. 2255 is inadequate or ineffective. Specifically, Haynes maintained the following:

> … [Meirovitz's] argument appears to be that since the district court denied his motion and the Eighth Circuit affirmed that decision, his remedy under 2255 is inadequate or ineffective. … However, "to establish a remedy is 'inadequate and ineffective' under 2255, there must be more than a procedural barrier to bringing a 2255 petition." … Section 2255 is not inadequate or ineffective merely because the claim was previously raised in a 2255 motion and denied, … Because petitioner has had a procedural opportunity to raise his claim under 2255, his remedy under 2255 is not inadequate and ineffective. … Accordingly, petitioner has failed to meet his burden of demonstrating the inadequacy or ineffectiveness of seeking relief from the sentencing court. …

See Document 6 at 3-4.

Meirovitz filed a reply to Haynes' response. In the reply, Meirovitz again maintained that pursuant to Johnson v. United States, his prior conviction for second

---

2

The "savings clause" of 28 U.S.C. 2255(e) provides, in full, the following:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

degree manslaughter is not a crime of violence for purposes of career offender status. As a result, he maintained that he is actually innocent of his underlying enhanced sentence or, alternatively, a miscarriage of justice has occurred. Additionally, he maintained that the remedy afforded by 28 U.S.C. 2255 is indeed inadequate or ineffective because the Court of Appeals determined the claim at bar is not cognizable in a motion pursuant to 28 U.S.C. 2255.

The undersigned has now reviewed the parties' submissions and recommends that Meirovitz's submission be dismissed, all requested relief be denied, a certificate of appealability be denied, and judgment be entered for Haynes.

A petition filed pursuant to 28 U.S.C. 2241 in the district of a petitioner's incarceration is the means by which he can challenge the execution of his sentence. See Matheny v. Morrison, 307 F.3d 709 (8th 2002). In contrast, a motion filed pursuant to 28 U.S.C. 2255 in the district of a petitioner's sentencing is generally the means by which he can challenge the validity of his conviction and/or sentence. See Id.

The undersigned has carefully reviewed Meirovitz's submissions and finds that he is not challenging the execution of his sentence. Instead, he is clearly challenging the validity of his sentence, specifically, the use of the second degree manslaughter conviction to enhance his current sentence. The proceeding at bar is therefore more in the nature of one pursuant to 28 U.S.C. 2255. Because the Eastern District of Arkansas is not the district of his sentencing, and because he has already prosecuted one motion pursuant to 28 U.S.C. 2255 to a final resolution, the motion at bar cannot be entertained

unless he can show that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. 2255(e) ("savings clause"). See also United States v. Lurie, 207 F.3d 1075 (8ᵗʰ Cir. 2000).

The undersigned has not considered the merits of Meirovitz's claim, although it has some initial appeal. Instead, the undersigned has only considered whether the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective.

In considering the aforementioned question, the undersigned has reviewed a number of decisions, including Turner v. Fisher, 2011 WL 5176808 (D.Minn. 2011). In that case, Turner was sentenced as a career offender to a term of imprisonment pursuant to U.S.S.G. 4B1.1. In 2007, or before Begay v. United States, 553 U.S. 137 (2008), and Johnson v. United States were decided, he filed a motion pursuant to 28 U.S.C. 2255. His petition was denied, and no certificate of appealability was issued. After an unsuccessful Fed.R.Crim.P. 36 motion, Turner filed a motion pursuant to 28 U.S.C. 2241. In the motion, he alleged that Begay v. United States and Johnson v. United States required that he be "resentenced without the armed career criminal or career criminal enhancement included in his original sentence." See Turner v. Fisher, 2011 WL 5176808 at 2 [internal quotation omitted]. The district court denied the petition because he failed to demonstrate that the remedy afforded by 28 U.S.C. 2255 was inadequate or ineffective. The district court offered the following string citation for doing so:

Turner has not demonstrated that the remedy of 2255 is inadequate

or ineffective. <u>See</u> <u>Glover v. Tamez</u>, 426 F. App'x 342, 343 (5th Cir.2011) (per curiam) (stating that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under 2241"; concluding that petitioner, who argued that he was actually innocent of his sentence under the Armed Career Criminal Act because his prior conviction for larceny from a person was not a violent felony in light of <u>Johnson</u>, did not show that remedy of 2255 was inadequate or ineffective); <u>Dority v. Roy</u>, 402 F. App'x 2, 2–3 (5th Cir.2010) (per curiam) (concluding that petitioner, who argued that he was actually innocent of his sentence under the Armed Career Criminal Act because his prior conviction for escape from a penal institution was not a violent felony in light of <u>Chambers v. United States</u>, 555 U.S. 122 (2009), did not show he was entitled to proceed under 2241 based on the savings clause of 2255(e)), <u>cert</u>. <u>denied</u>, 131 S.Ct. 3023 (2011); <u>Collins v. Ledezma</u>, 400 F. App'x 375, 376 (10th Cir.2010) ("A claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of 2255's savings clause."); <u>Bush v. Elbert</u>, 299 F. App'x 147, 149 (3d Cir.2008) (per curiam) (affirming district court's dismissal of 2241 petition because petitioner, who argued sentence under the Armed Career Criminal Act was illegal, did not demonstrate that remedy of 2255 was inadequate or ineffective); <u>Middleton v. Schult</u>, 299 F. App'x 94, 95-96 (2d Cir.2008) (affirming dismissal of 2241 petition for lack of jurisdiction where petitioner could have challenged his sentence under the Armed Career Criminal Act earlier); <u>Raymer v. Barron</u>, 82 F. App'x 431, 432 (6th Cir.2003) ("In this case, Raymer has presented only a challenge to his sentencing under the [Armed Career Criminal Act], not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under 2241."); <u>In re Davenport</u>, 147 F.3d 605, 609-10 (7th Cir.1998) ("Davenport is attacking his sentence rather than his conviction, for the armed career criminal act is a sentence-enhancement statute; he is 'innocent' (if his claim has merit) only in a technical sense. For him to be able to file successive motions for postconviction relief, but not someone who had been denied all right to counsel or had a confession beaten out of him but was unable to argue that he had in fact been innocent of the crimes of which he had been convicted, would correspond to no intelligible concept of either legal or substantive justice.") …

See Id. at 2. See also Talbott v. Fisher, 439 Fed.Appx. 564 (8th Cir. 2011) (petitioner challenge to sentence as career offender in 2241 petition dismissed because of failure to show remedy under 2255 was inadequate or ineffective).

Applying the foregoing, the undersigned finds that Meirovitz's motion should be dismissed. Meirovitz has not, and cannot, show that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective. It is true that the remedy produced no relief because his claim was found to be not cognizable in a motion pursuant to that section, but that fact does not make the remedy inadequate or ineffective. Relief pursuant to 28 U.S.C. 2255 was simply denied, and United States v. Lurie makes clear that remedy afforded by that section is not inadequate or ineffective merely because relief has been denied. See United States v. Lurie, 207 F.3d at 1077.

Accordingly, the undersigned finds that Meirovitz's submission is one pursuant to 28 U.S.C. 2255. His attempt to characterize it as one pursuant to 28 U.S.C. 2241 is misplaced because he is clearly challenging the validity of his sentence. The "savings clause" of 28 U.S.C. 2255(e) is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective. Having previously filed a motion pursuant to 28 U.S.C. 2255, Meirovitz was required, but failed, to obtain the prior approval of the Court of Appeals before filing his motion. His motion should therefore be dismissed, all requested relief should be denied, a certificate of appealability should be denied, and judgment should be entered for Haynes.

DATED this ___29___ day of October, 2013.


_____
UNITED STATES MAGISTRATE JUDGE